# CHARLESTON.

DEXTER LANHAM v. CITY OF BUCKHANNON.

Submitted September 9, 1924.   Decided October 14, 1924.

1. MUNICIPAL CORPORATIONS—*Declaration Against City Failing to Allege Injury by Mob was Inflicted Within Corporate Limits Fatally Defective.*

   A declaration in trespass on the case against a municipal corporation for alleged serious injury inflicted upon the person of the plaintiff by a mob as defined by section 17 of chapter 148 of Barnes Code, which fails to allege that said serious injury was inflicted upon the plaintiff within the corporate limits of said corporation is fatally defective, and a demurrer thereto should be sustained.   (p. 340).

2. SAME—*Mere Seizure of Plaintiff by Mob Within Corporate Limits Affords no Right of Action Against Municipality, Where Injuries Outside Corporate Limits.*

   The mere seizure of the plaintiff by a mob within the corporate limits of an incorporated city does not give to him a right of action against the said city, although said mob, by force. takes him outside of the said corporate limits and there inflicts serious bodily injury upon him.   (p. 340).

Case Certified from Circuit Court, Upshur County.

Action by Dexter Lanham against the City of Buckhannon. A demurrer to the declaration was sustained, and the questions certified.

*Affirmed.*

*Wm. T. George,* for plaintiff.

McGINNIS, JUDGE:

This is an action of trespass on the case, instituted in the

circuit court of Upshur County, against the city of Buck-
hannon, a municipal corporation, in which the plaintiff
seeks to recover $5,000.00 damages for serious injury alleged
to have been received by him at the hands of a mob, com-
posed of five or more persons, who took him forcibly from
the home of his mother, in the city of Buckhannon, and con-
veyed him several miles from said city into the county of
Barbour and there seriously injured him.

The declaration alleges that on the —— day of ———
1923, a collection of individuals, consisting of five or more,
in number, assembled on the ——— street, in the city of
Buckhannon, at the home of Mrs. ———, who is the
mother of the plaintiff, and at whose home the plaintiff was
visiting; that said persons assembled for the unlawful pur-
pose of offering violence to the person of the plaintiff; that
the said mob, or riotous assembly, forcibly took the plaintiff
from the home of his mother, in said city, placed a blind-
fold over the eyes of plaintiff, by force, and did then and
there, drag by force the said plaintiff from the home of his
said mother, and did then and there place him by force in
an automobile, and did then and there drag him several
miles distant to a lonely spot in a field, not far from the
home of plaintiff in Barbour County, West Virginia; that
said mob did then and there, beat, wound and bruise the
body of plaintiff by striking him with a whip, or instrument
of some kind, many times, and by reason of said blows so
struck upon the body of plaintiff, by members of said mob,
the body of the plaintiff was lacerated, cut open and made
to bleed; that by reason of said blows and other injuries in-
flicted by the said mob, the plaintiff was seriously injured,
and by reason thereof became sick, sore and lame for a long
space of time thereafter, to-wit, for about two months, and
that he suffered great pain and anguish. That an action
hath accrued to him under and by virtue of the laws of the
state, against the defendant.

To this declaration the defendant demurred, and said de-
murrer was sustained; and the lower court certified the
questions rising on said demurrer to this court for its ad-
judication thereon.

The statute upon which this suit is sought to be based, is

sub-division 5 of section 17 of chapter 96 of the Acts of the Legislature of 1921; Barnes Code chapter 148, section 17, sub-division 5, which is as follows:

> "Any person or persons, composing a mob or riotous assemblage under the provisions of this act, who shall by violence inflict serious injury to the property or to the person of any other person upon the pretense of exercising correctional powers or regulative powers over such person or persons, and without authority of the law, shall be deemed guilty of a felony, and upon the conviction thereof shall be punished by confinement in the penitentiary not exceeding five years; and any person suffering serious injury to his property or to his person by a mob, shall have an action against the county or city in which such serious injury is inflicted for such damages he may sustain, to an amount not to exceed five thousand dollars."

"Serious injury," as defined by sub-division 2 of said section is, "Any injury to the person which shall temporarily or permanently disable the person injured from earning a livelihood." And where such injury is inflicted this section gives to the person injured a statutory right against the "County or municipality in which such injury is inflicted."

The declaration alleges that the injury complained of was inflicted upon the plaintiff in Barbour County, and thereby negatives the plaintiff's right under this statute to maintain his action against the city of Buckhannon, the defendant herein. The declaration fails to allege that there was any serious injury inflicted upon the plaintiff in the city of Buckhannon. This statutory right being in derogation of the common law must be strictly construed. Plaintiff contends in his brief that because the act says, with reference to where a mob takes a person from the hands of the state, county or municipal officers of one county, and transports him into another county, and puts him to death, the fact that such killing occurred outside of the said county from which he may have been taken from the state, county or municipal officers, does not relieve said county from liability

97 W. Va.

provided by this act. That the apparent intention of the legislature was to make the whole action of the mob relate back to the place where the said mob seized the person, we cannot so hold. If the legislature had intended when it conferred this right upon a person seriously injured by a mob, to hold the county or municipality liable because of his seizure therein, it should have so declared. This section granting a right against a county or municipality for serious personal injury is plain and unambiguous, and the words used are not susceptible of a construction which would extend this right to a person for injuries inflicted outside of the county or municipality because of the seizure of such person within said county or municipality.

> "It is beyond question the duty of the courts in construing statute to give effect to the intent of the law-making power, and seek for that intent in every legitimate way. But, first of all in the words and language employed; and if the words are free from ambiguity and doubt, and expressed plainly, clearly and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation. The statute itself furnishes the best means of its own exposition; and if the sense in which words were intended to be used can be clearly ascertained from its parts and provisions, the intention thus indicated will prevail without resorting to other means of aid in the construction. Very strong expressions have been used by the courts to emphasize the principle that they are to derive their knowledge of the legislative intention from the words or language of the statute itself which the legislature has used to express it, if a knowledge of it can be so derived." Lewis' Sutherland Statutory Construction, p. 698.

For the reasons stated we affirm the ruling of the lower court in sustaining the demurrer to plaintiff's declaration.

*Affirmed.*